Sergio **LOPEZ**, Plaintiff—Appellant,

v.

Shawn **BARTLETT**, Officer, CSU Channel Islands Police Department, Defendant—Appellee.

No. 06–55860.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2008 *.

Filed Feb. 28, 2008.

* The Honorable Louis F. Oberdorfer, Senior United States District Judge for the District of Columbia, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Earnest C.S. Bell, Esq., Law Offices of Earnest C.S. Bell, Ventura, CA, for Plaintiff–Appellant.

Sandra Isabel Barrientos, Esq., Deputy Attorney General, Los Angeles, CA, for Defendant–Appellee.

Before: TROTT, CLIFTON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Sergio Lopez challenges the district court's grant of summary judgment sua sponte in his 42 U.S.C. § 1983 claim to Defendant Officer Shawn Bartlett. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's grant of summary judgment. *Edgerly v. City and County of S.F.*, 495 F.3d 645, 658 (9th Cir.2007). Where the facts are not disputed, we must determine "whether the district court correctly applied the relevant substantive law." *Providence Health System–Wash. v. Thompson*, 353 F.3d 661, 664 (9th Cir.2004) (citation omitted). We re-

view de novo the reasonableness of an investigatory stop, *United States v. Grigg*, 498 F.3d 1070, 1074 (9th Cir.2007), and whether a party is entitled to qualified immunity, *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir.2007).

■ Lopez argues that Bartlett had insufficient facts to support a conclusion that the traffic stop was lawful. We disagree.

Bartlett stopped Lopez based on: (1) his knowledge of a report to the police by James Ash that Mexican gang members threatened to harm Ash at his residence; (2) his observation of two Hispanic men making a slow turn and looking at Ash's apartment; (3) his belief that the "pronounced look" at the complex by both the passenger and driver was significant because there did not appear to be anything else in the area that the parties could be looking at; and (4) the fact that the car was registered to a party in Oxnard.[1] Consequently, Bartlett did not stop Lopez based solely on one fact that could have been susceptible to an innocent explanation—Bartlett stopped Lopez because his experience and observations of the totality of the events indicated that Lopez and his passenger might be in the area to commit a crime by carrying out a threat reported several days earlier. *See United States v. Arvizu*, 534 U.S. 266, 277–78, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (explaining that facts that may seem innocent in and of themselves, taken together, can amount to reasonable suspicion).

Furthermore, the information Bartlett relied on was not stale. An indefinite extra patrol was noted in the police briefing book regarding the threat to Ash. Bartlett read the entry in the briefing book all week "[a]nd there had never been any

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We do not consider Lopez's driving because it was of no significance.

incidents of that happening yet. So I figured that the threat hadn't occurred yet. So I extra patrol [sic] the area." It was reasonable for Bartlett to conclude—based on the indefinite extra-patrol and the fact that the threat had not been carried out—that the threat might be ongoing.

■ Additionally, the stop did not constitute racial profiling. The suspects had been identified as "Mexican" by the complaining party. Bartlett considered this suspect description along with other factors. *See United States v. Montero-Camargo*, 208 F.3d 1122, 1134 n. 22 (9th Cir.2000) (en banc) (explaining that any racial or ethnic appearance "may be considered when the suspected perpetrator has been identified as having such an appearance" so long as "other individualized or particularized factors, which, together with the racial or ethnic appearance identified, rise to the level of reasonable suspicion").

■ Even if we were to conclude that reasonable suspicion for the stop did not exist and a constitutional violation occurred, Bartlett is entitled to qualified immunity because it would not have been "clear to a reasonable officer that [the] conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). In the specific context of the facts of the case at bar, a reasonable officer could have believed, based on the totality of the circumstances, that reasonable suspicion existed. As the district court noted, no less than three judges agreed that it did.

**AFFIRMED.**